No. 104.—EDWARD VARNER, plaintiff in error, *vs.* HENRY J. LA-MAR, defendant in error.

[1.] In a suit on a negotiable promissory note, the defendant will not be per-mitted to question the plaintiff's title to the paper, unless it is made to ap-pear that it is necessary for the purpose of his defence.

Assumpsit, &c. in Jasper Superior Court.    Tried before Judge JOHNSON, October Term, 1851.

Suit was brought by Henry J. Lamar, against Edward Varner, maker, and John Thurmond, indorser, of a promissory note. Judgment was obtained against both, and an appeal entered by Varner alone.    Varner pleaded, that Lamar was not the true owner of the note, but that the same was the property of Thur-mond, and had been indorsed by him to Lamar, to avoid a plea of set-off by Varner against Thurmond.    The plea farther set

forth, that Thurmond was indebted to Varner, a large amount, which was more particularly set forth in the plea. Pending the appeal, Varner filed a bill, praying discovery from Lamar, as to the ownership of the note ; in answer to which bill, Lamar admitted that the note belonged to Thurmond, but denied that it was transferred to him for the purpose of defeating any plea of set-off.

Upon the trial, Varner withdrew the plea, specifying the set-off claimed, and gave in evidence to the Jury, only the bill and answer above referred to.

Varner, by his counsel, then requested the Court to charge the Jury, " that if they believed that the plaintiff in the case was not the owner of the note at the time of the commencement of the action, or at any time subsequent thereto, or that the transfer by Thurmond to the plaintiff, was made for the purpose of defeating defendant's right of set-off, they should find for the defendant."

The Court refused so to charge, but on the contrary, charged the Jury, " that the *bare fact* that the plaintiff was not the owner of the note sued on, unaccompanied by any evidence of any set-off or indebtedness on the part of Thurmond to Varner, or without any evidence of the transfer being made for the purpose of defeating the defendant's right of set-off, did not of itself entitle the defendant to a recovery."

To which refusal to charge, and the charge as given, defendant's counsel excepted, and error has been assigned thereon.

Cone, for plaintiff in error.

Meriwether, for defendant in error.

*By the Court.*—Warner, J. delivering the opinion.

[1.] The error assigned in this case is, the refusal of the Court to charge the Jury as requested, and to the charge as given to the Jury, by the Court. According to the facts, as exhibited by the record, the Court below did not err in refusing to charge as requested; for the reason, there was *no evidence* that the defendant had any

demand which he was entitled to set-off against the note sued on. The defendant had *withdrawn* his plea of set-off. This Court has repeatedly ruled, that the defendant could not, in a suit on a negotiable note, question the title of the plaintiff, unless it is made to appear that it is necessary for the purpose of his *defence*. *Nisbet vs. Lawson*, 1 *Kelly*, 275. *Field vs. Thornton, Ib.* 306. *Hall vs. Carey*, 5 *Geo.Rep.* 239. Here, there was *no evidence* that the defendant had any defence to the note, by way of set-off, or otherwise. There was no error in the charge of the Court to the Jury.

We have been requested to certify in this case, that in our opinion it was not taken up for delay only, so as to avoid the damages given by the Statute. We find nothing in this record which will authorize us to give such a certificate. This Court has decided, at least in three several cases, that the defendant could not question the title of the plaintiff to the note, unless it was necessary for his defence. The defendant assumed in his request to the Court to charge the Jury, that he had a defence to the note, by way of set-off, when in point of fact, he had voluntarily withdrawn his plea of set-off, and stood before the Court without any legal defence whatever, so far as the record shows, and the legal presumption is, that which does not affirmatively appear, does not exist.

The object of the Statute was to prevent delay, and if parties will bring up their cases to this Court, for that purpose alone, they may expect to pay the penalty awarded by it. Let the judgment of the Court below be affirmed.